**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Agnes Stolinski f/k/a Dawlak, individually and on behalf of all others similarly situated, | ) ) ) | Case No. 1:17-cv-00192 |
| Plaintiff, | ) ) | Judge: Andrea R. Wood |
| v. | ) ) | Magistrate Judge: Young B. Kim |
| First National Collection Bureau, Inc. and LVNV Funding, LLC, | ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendants, LVNV Funding, LLC ("LVNV") and First National Collection Bureau, Inc. ("FNCB"), by and through their attorneys David M. Schultz, Nabil G. Foster and Lindsey A.L. Conley of Hinshaw & Culberson, LLP, respectfully request this Court dismiss Plaintiff Agnes Stolinski's ("Plaintiff" or "Stolinski") Complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) and in support thereof, state as follows:

**INTRODUCTION**

Plaintiff filed the instant action alleging violations of the Fair Debt Collection Practice Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). Plaintiff attempts to state a claim based upon Defendants' failure to provide her with information regarding legal issues concerning her debt. In essence, Plaintiff's claim is based upon a twisted and idiosyncratic interpretation of the exact language district courts and the Federal Trade Commission ("FTC") have deemed to be sufficient to advise consumers about the collection of time-barred debts in an attempt to manufacture an FDCPA claim.[1] In addition, Plaintiff asks that Defendants provide legal advice, though neither Defendant is a licensed attorney. Unfortunately for Plaintiff, the law is well-settled that a non-attorney may not

---

[1] *See United States v Asset Acceptance, LLC*, No. 12-cv-00812, ECF No. 5 (M.D. Fla. Jan. 31, 2012).

131613462v1 0994608

give legal advice or otherwise engage in the unauthorized practice of law. Plaintiff cannot compel Defendants to take action that is not required by law or statute and, in fact, is expressly proscribed. Thus, Plaintiff's Complaint must be dismissed in its entirety.

## STATEMENT OF FACTS

Plaintiff filed her lawsuit against Defendants and alleges various violations under the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq*. Plaintiff incurred an outstanding financial obligation for a HSBC Bank USA, N.A./Carsons credit card. Cmplt., ¶ 9. Defendant LVNV subsequently acquired Plaintiff's debt, and the debt was then placed with Defendant First National Collection Bureau, Inc. ("FNCB") for collection. Cmplt., ¶ 9. On May 25, 2016, Defendant FNCB sent Plaintiff correspondence in an effort to collect the delinquent account. Cmplt., ¶ 9. That letter extended a "discounted offer" to satisfy the account, and included the following disclosure: "The law limits how long you can be sued on a debt. Because of the age of your debt, LVNV Funding LLC will not sue you for it." Cmplt., Exhibit C thereto.

Equating the "discounted offer" with a "settlement" proposal, Plaintiff avers that the letter is misleading, deceptive and an unconscionable means to collect a debt because it does not inform Plaintiff that neither LVNV nor FNCB could sue on the debt. Cmplt., ¶¶ 17, 23. Plaintiff further argues that Defendants falsely claimed that payment would aid Plaintiff's financial situation by providing her with a discount when she was not legally obligated to pay. Cmplt. ¶¶ 19, 25. In light of the foregoing, Plaintiff alleges that the letter violates §§ 1692 e, e(2)(A), e(5) and f (Cmplt., ¶¶ 19, 25), which preclude (i) a false representation regarding the character, amount, or legal status of any debt; (ii) threatening to take any action that cannot be legally taken; and (iii) the use of any unfair or unconscionable means to collect a debt.

131613462v1 0994608

## ARGUMENT

Plaintiff's Complaint should be dismissed because the allegations, even assuming them to be true, fail to state a valid claim. F.R.C.P 12(b)(6) provides for dismissal of a complaint when it fails to state a claim upon which relief can be granted. A plaintiff is obligated to provide more than conclusions, and a formulaic recitation of the elements of a cause of action to survive dismissal. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007). In considering a motion to dismiss, a district court may consider any facts set forth in the complaint that undermines the plaintiff's claim, including exhibits attached to the complaint. *See* Fed.R.Civ.P. 10(c); *Bogie v. Rosenberg*, 705 F.3d 603, 609 (7th Cir. 2013).

The *Twombly/Iqbal* standard requires a pleading to contain sufficient factual allegations to show a "plausible" claim for relief. *Bissesur v. Indiana Univ. Bd. of Trustees*, 581 F.3d 599, 603 (7th Cir. 2009). In determining "plausibility," the court may disregard conclusory allegations even if they are alleged in the form of factual allegations. *Twombly*, 127 S. Ct. at 1950. ("[F]or the purposes of a motion to dismiss…we are not bound to accept as true a legal conclusion couched as a factual allegation").

### A. Plaintiff's claim hinges on an idiosyncratic and bizarre interpretation of the letter.

Here, the letter tells the Plaintiff she will not be sued for her debt and asks the Plaintiff if she wants to pay a reduced amount of his debt. There is nothing improper about attempting to collect a time-barred debt as long as the attempt is not accompanied by litigation or a threat of litigation. *Walker v. Cash Flow Consultants, Inc.*, 200 F.R.D. 613, 614 (N.D. Ill. 2001) (holding that to survive on a motion to dismiss, a defendant's attempt to collect on a time-barred debt must be accompanied by actual litigation or a threat of future litigation); *Evory v. RJM Acquisitions Funding LLC*, 505 F.3d 769, 775 (7th Cir. 2007) (stating that there is nothing improper about making a settlement offer); *McMahon v. LVNV*, 744 F.3d 1020 (7th Cir. 2014) ("We do not hold that it is automatically

3

improper for a debt collector to seek repayment of time-barred debts; some people might consider full debt repayment a moral obligation, even though the legal remedy for the debt has been extinguished"). However, Plaintiff claims that the letter violated the FDCPA.

The Seventh Circuit instructs that, "[W]e disregard unrealistic, peculiar, bizarre and idiosyncratic interpretations of collection letters." *Durkin v. Equifax Check Servs. Inc.*, 406 F.3d 410, 414 (7th Cir. 2005). Plaintiff's bizarre theory evolves from the Seventh Circuit's holding in *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010 (7th Cir. 2014). In *McMahon*, the issue was whether a dunning letter for a time-barred debt which uses the term "settle" or "settlement" without a disclosure that the debt was time-barred could mislead the reasonable unsophisticated consumer into believing that he or she could be sued. *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010 (7th Cir. 2014). The Seventh Circuit remanded the case because it found that "it is plausible that an unsophisticated consumer would believe a letter that offers to 'settle' a debt implies that the debt is legally enforceable." *Id.* at 1020. The Seventh Circuit did not hold that the letter actually did violate the law. The court said only that a violation was "plausible" and under the standard for ruling on a motion to dismiss, that plausibility warranted a remand for the plaintiff to prove his case. This case is not the McMahon case, but Plaintiff's theory evolves from a misreading of McMahon.[2]

Here, Plaintiff's claim is the disclosure that the debtor would not be sued by the owner of the debt was somehow "deficient." (Cmplt., ¶ 17, 23). Plaintiff's entire claim is a contorted, peculiar and idiosyncratic reading of the very language that the Federal Trade Commission deemed to be

---

[2] Some courts have rejected the theory in *McMahon. Ehrich v. Convergent Outsourcing, Inc.*, No. 1:15-CV-22796-KMM, 2015 WL 6470453, at *2 (S.D. Fla. Oct. 27, 2015) ("[A] debt collector is not required to advise a consumer of any potential defenses to a legal action…That includes advising a consumer of the time-barred status of a particular debt."); *Schreve v. First Nat'l Collection Bureau, Inc.*, No. SA-14-CA-208-OLG, 2014 WL 12538689, at *6 (W.D. Tex. June 27, 2014)(rejecting *McMahon* and stating seeking to recover a time-barred debt which did not threaten litigation does not violate the FDCPA).

131613462v1 0994608

sufficient to advise consumers about the collection of time-barred debts, *i.e.*, that debtors will not be sued over debts for which the statute of limitations has expired.

Counsel for consumers in this district often cite to the consent decree between the FTC and Asset Acceptance, *United States v Asset Acceptance, LLC*, No. 12-cv-00812, ECF No. 5 (M.D. Fla. Jan. 31, 2012) to support their claims regarding the collection of time-barred debts. Ironically, that same consent decree undermines the Plaintiff's claim in this case. In that consent decree, the FTC and the federal district court that accepted the consent decree deemed the following language sufficient and to satisfy all disclosure requirements under the FDCPA for time-barred debt collection:

> The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it, and we will not report it to any credit reporting agency.

In *In the Matter of Encore Capital Grp., Inc., Midland Funding, LLC, Midland Credit Management, Inc. and Asset Acceptance Capital Corp.,* 2015-CFPB-0022 and *In re Portfolio Recovery Associates LLC,* 2015-CFPB-0023, the CFPB deemed the following language sufficient to satisfy the disclosure of a time bar issue:

> The law limits how you can be sued on a debt and how long a debt can appear on your credit report. Due to the age of this debt, we will not sue you for it or report payment or non-payment of it to a credit bureau.

The letter in this case clearly tells the Plaintiff that:

> The law limits how long you can be sued on a debt. Because of the age of your debt LVNV Funding LLC will not sue you for it.

There is no material difference between the model language drafted by the FTC and the language in the letter in this case to advise a consumer of the time barred status of a debt.

Plaintiff wishes to fabricate a distinction to manufacture a claim under the FDCPA. Plaintiff claims that the letter is deceptive because it does not explicitly say that the Defendants cannot sue as a matter of law. Cmplt., ¶ 17. Plaintiff essentially claims the FDCPA was violated because the Plaintiff was not given explicit legal advice about the application of the Illinois statute of limitations

5

as an affirmative defense to her debt. The FDCPA contains no requirement or directive of providing legal opinions or legal advice to debtors about potential affirmative defenses under State law. Plaintiff is attempting to misuse the FDCPA to transform debt collectors, including licensed attorneys who seek the collection of debts owed to clients, into legal advisors for the debtors. Plaintiff wants the FDCPA to force individuals hired to collect a debt, which can include licensed attorneys, to provide legal opinions about the affirmative defenses available to a debtor, like the statute of limitations. There is no such requirement in the FDCPA. This Court should refrain from misreading the FDCPA to create any such obligation because it is not the law and it would create a conflict of interest for any debt collection lawyer in Illinois under Illinois Rule of Professional Conduct 1.7, comment 6, Identifying Conflicts of Interest: Directly Adverse.[3]

Plaintiff is deliberately misreading the letter, because the letter clearly states: "The law limits how long you can be sued on a debt," and that because of the age of Plaintiff's debt, Plaintiff will not be sued. The plain meaning and reading of the letter shows that it is not deceptive and it does not misrepresent anything. The language clearly states the owner[4] of his debt—the only party with authority to sue on it—will not sue him to collect that debt. The language was deemed sufficient by the Federal Trade Commission to satisfy all the restrictions imposed by the FDCPA on communications with consumers.

Plaintiff additionally incorrectly claims that Defendants violated the FDCPA by failing to advise that FNCB also could not sue on the debt. But only the owner of Plaintiff's debt has

---

[3] The law must be applied consistently; therefore, attorney debt collectors and non-attorney debt collectors must be treated equally under the FDCPA. This Court cannot interpret the FDCPA as urged by Plaintiff because the alleged additional disclosure would create an impermissible conflict of interest for attorney debt collectors and force non-attorney debt collectors into the unauthorized practice of law. *See infra.*

[4] The letter begins with "This is to advise you that your delinquent account has been assigned to our office for collection by the above mentioned current creditor." Compl. Ex. C.

131613462v1 0994608

authority to take those actions. One acting on the owner's behalf cannot do what the owner has proscribed. It, therefore, follows that if LVNV will not sue on the debt, which is clearly stated in the letter, the debt collector acting on behalf of LVNV (here, FNCB) will not and cannot sue on the debt. An additional disclosure that FNCB is prohibited from taking those actions would be unnecessary and redundant. The letter sent by FNCB about the debt owned by LVNV was not misleading because it clearly informed Plaintiff that he was not in any risk of being sued for the debt, which is sufficient under the FDCPA. *Miran v. Convergent Outsourcing, Inc.*, 2016 WL 7210382 at *5 ("Convergent's incorporation of its waiver of its right to sue, further supports a finding that the Offer letter did not violate the FDCPA").

Courts have found that the language in the letter informs the recipient of the letter of a time bar issue and that it cannot be sued on the debt. *See Pantoja v. Portfolio Recovery Associates, LLC*, 78 F. Supp. 3d 743, 746 (N.D. Ill. 2015) *appeal docketed*, No. 15-01567 (7th Cir. Mar. 17, 2015) (stating that the inclusion of the statement "the law limits how long you can be sued on a debt" informs the recipient of a letter that it cannot be sued on the debt); *Sorenson v. Rozlin Fin. Grp.*, No. 15 C 50088, 2015 WL 6955494, at *2 (N.D. Ill. Nov. 10, 2015) (stating that a letter which included the Asset Acceptance consent decree language explicitly states the issue of a time bar and states that the recipient will not be sued and the obligation will not be reported to credit agencies). There is nothing false, unfair or deceptive about the letter. Therefore, the letter was not misleading because it did inform Plaintiff that because of the age of the debt, there would be no lawsuit for the debt, and that is sufficient under the FDCPA.

Plaintiff's claim relies upon a hyper-technical misinterpretation of the letter. Plaintiff attacks the letter because although it uses the approved language from the FTC, it does not explicitly describe whether or not the statute of limitations has expired, which is *a legal opinion*. There are no requirements under the FDCPA for making any such statements of legal opinion or for advising

7

debtors about how any one particular set of state's laws would apply to the particular facts and circumstances of any particular debtor. Plaintiff seeks to transform debt collectors into legal advisors for each debtor in all 50 states under the FDCPA. That was not the intent of Congress and this Court should not read language into a statute that is not there.

Moreover, there is no authority for Plaintiff's claim that the FDCPA requires a debt collector to provide a legal opinion to any particular debtor about when the statute of limitations has expired on a particular debt. Contrary to Plaintiff's assertion, the court in *McMahon*, the Consumer Financial Protection Bureau (CFPB) and the Federal Trade Commission (FTC) have rejected a mandatory disclosure requirement for the statute of limitations. The Plaintiffs in *McMahon* and *Buchanan v. Northland Grp, Inc.*, 776 F.3d 393 (6th Cir. 2015), argued the FDCPA imposed a duty of mandatory disclosure of the statute of limitations, but neither the courts nor the CFPB nor the FTC agreed with this position. For example, in the amicus brief filed by the CFPB and FTC in *Delgado v. Capital Mgmt. Servs., LP, et al.*, Case No. 12-cv-04057 (a case consolidated with *McMahon* by the Seventh Circuit for the court's opinion), stated:

> The Commission disagrees with Ms. Delgado's contention that the Commission's complaint in Asset Acceptance stands for the proposition that every effort to collect a time-barred debt without a disclosure is deceptive.

Similarly, the CFPB and FTC stated in their amicus brief filed in *Buchanan*:

> [I]n some circumstances "a debt collector may seek voluntary payment of a time barred debt" without violating the FDCPA, even if the communication is silent as to the statute of limitations.

Plaintiff is impermissibly seeking to rewrite the FDCPA. With the exception of Section 1692g, the FDCPA has no other disclosure requirements[5]. The letter in this case complies with §1692g by advising Plaintiff of the 30-day validation period and that the Plaintiff may request the

---

[5] The notice required by §1692e(11) relates to disclosure of the attempt to collect a debt and the debt collector's intent to use any information provided by the debtor for the collection of the debt. It is not a disclosure of rights the debtor may invoke when communicating with a debt collector.

131613462v1 0994608

name and address of the original creditor. Despite Plaintiff's unrealistic, peculiar, bizarre and idiosyncratic interpretation of the letter, the plain truth is that the letter complies with the law. This Court should not allow Plaintiff to assert a claim based upon a contorted, peculiar and idiosyncratic interpretation and therefore, should dismiss Plaintiff's Complaint with prejudice.

### B. Plaintiff's claim hinges on Defendants engaging in the unauthorized practice of law.

Plaintiff's claim must fail because she essentially asks Defendants to give legal advice and thus engage in the unauthorized practice of law. Specifically, Plaintiff argues that the subject letter is deceptive because it fails to explicitly state that the debt is time-barred and that Defendants could not legally sue on the debt. (Cmplt., ¶¶ 9, 17, 23). Plaintiff claims that Defendants have an obligation to provide legal advice about statutes of limitation. The Illinois Supreme Court has defined the practice of law as giving advice or services "when the giving of such advice or rendition of such service requires the use of any degree of legal knowledge or skill." *People ex rel, Illinois State Bar Association v. Schafer*, 404 Ill. 45, 50 (1949). Determining whether the particular debt of this Plaintiff is actually outside the statute of limitations falls squarely into the definition of the practice of law because it requires an analysis of the specific facts of Plaintiff's debt under specific portions of Illinois state law before such a legal opinion could be made.

Indeed, it is well-settled that a non-attorney may not give legal advice or otherwise engage in the unauthorized practice of law. In fact, courts have found FDCPA violations where non-attorney debt collectors have engaged in such practices. *Poirier v. Alco Collections, Inc.,* 107 F.3d 347, 350–51 (5th Cir.1997) (finding FDCPA violation where debt collector violated state law on unauthorized practice of law); *see also Todd v. Franklin Collection Service, Inc.*, 694 F.3d 849, 851 (C.A.7 (Ill.), 2012) (finding that the district court correctly ruled that the assignment was void as against public policy because Todd was using it to attempt to engage in the unauthorized practice of law. Illinois public policy forbids the assignment of legal claims to non-attorneys in order to litigate without a license);

131613462v1 0994608

*King v. First Capital Fin. Servs. Corp.,* 215 Ill. 2d 1, 293 Ill. Dec. 657, 828 N.E. 2d 1155, 1166 (2005) (discussing *People ex rel. Chicago Bar Ass'n v. Tinkoff,* 399 Ill. 282, 77 N.E. 2d 693 (1948), in which Illinois Supreme Court found that disbarred attorney who litigated assigned claims pro-se was engaged in "subterfuge" to deceive court about real parties in interest and practice law without license); *Chicago Bar Ass'n v. Quinlan and Tyson, Inc.,* 34 Ill.2d 116, 214 N.E.2d 771, 775 (1966) (protection of the public requires that only licensed attorneys provide legal advice for consideration); *Lazy 'L' Family Pres. Trust v. First State Bank of Princeton,* 167 Ill.App.3d 624, 118 Ill.Dec. 130, 521 N.E.2d 198, 200–01 (1988) (holding that plaintiff pursuing assigned claims pro-se was engaged in unauthorized practice of law); *Biggs v. Schwalge,* 341 Ill.App. 268, 93 N.E.2d 87, 88 (1950) ("An assignment cannot be used as a subterfuge to enable plaintiff to indulge his overwhelming desire to practice law, without complying with the requirements for admission to the bar.").

Here, Plaintiff's claims fall squarely within this prohibited conduct. Plaintiff's claims hinge on Defendants' failure to provide legal advice to the debtor (*i.e.,* to inform her that under Illinois law, this particular debt is in fact time-barred). Neither the law nor the FDCPA requires such disclosures on collection correspondences. Rather, the law precludes Defendants from acting in such a legal capacity. Thus, Plaintiff's Complaint must be dismissed in its entirety.

### C. Plaintiff's claim is immaterial and should be dismissed with prejudice.

Section 1692e prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt. *O'Rourke v. Palisades Acquisition XVI, LLC,* 635 F.3d 938, 941 (7th Cir. 2011). The FDCPA is designed to provide information that helps consumers choose intelligently…to be actionable a misleading statement must have the ability to influence the consumer's decision. *Id.* at 941-42. Plaintiffs' claim against Defendants is a far cry from achieving the legislative goals of § 1692e.

10

In *Wahl v. Midland Credit Mgmt.,* the Seventh Circuit reviewed a FDCPA claim brought under § 1692e and determined that the plaintiff's claim was "hyper-technical at best and flawed from beginning to end." 556 F.3d 643, 645 (7th Cir. 2009). The issue in *Wahl* was whether § 1692e was violated when a collector, although accurately stating the amount demanded, breaks down the principal and interest components of the debt in an arguably false manner. *Id.* at 644. The court granted judgment in favor of the collector reasoning that "while the FDCPA is a strict liability statute . . . *the state of mind of the reasonable debtor is always relevant.*" *Id.* at 646 (emphasis added). Additionally, the court held that plaintiff could not win simply by showing a falsity in a technical sense; rather, plaintiff must show that the alleged falsity would materially mislead the unsophisticated consumer. *Id.*

Shortly thereafter, the Seventh Circuit expanded upon *Wahl* in *Hahn v. Triumph Partnerships LLC,* 557 F.3d 755 (7th Cir. 2009). In *Hahn,* the Seventh Circuit relied on United States Supreme Court holding that "materiality is an ordinary element of any federal claim based upon a false or misleading statement" in deciding to apply the requirement of materiality to a FDCPA claim brought under § 1692e. *Id.* at 757–58 citing *Carter v. United States*, 530 U.S. 255 (2000); *Neder v. United States*, 527 U.S. 1 (1999). The Court reasoned that the FDCPA "is designed to provide information that helps consumers to choose intelligently, and by definition immaterial information neither contributes to that objective nor undermines it." *Id.* citing *Peters v. General Service Bureau, Inc.*, 277 F.3d 1051, 1056 (8th Cir. 2002); cf. *Evory v. RJM Acquisitions Funding L.L.C.*, 505 F.3d 769, 776-77 (7th Cir. 2007). The court concluded that a "statement cannot mislead unless it is material, so a false but non-material statement is not actionable." *Id.* at 758.

Here, the letter was not false. The letter informed Plaintiff of the time barred status of the debt as well as stated that Plaintiff would not be sued for the debt. It is immaterial and repetitive to state that FNCB would not sue on the debt because it is not the owner of the debt and cannot file a

11

lawsuit without having such authority to do so from the owner of the debt. To date, no collection suit has been filed against Plaintiff for the debt at issue. Plaintiff's allegation regarding the use of "will not sue" versus "cannot sue" boils down to nothing more than semantics and is a red herring used to mislead this Court into perceiving a phantom violation when in fact none exist. The statement that LVNV would not sue Plaintiff for the debt would not undermine her decisions regarding the debt as she was placed on notice that no legal proceedings would be filed against her. Defendants advising Plaintiff that she will not be sued on the debt is in fact an unequivocal statement that a lawsuit will not be filed and such a plain statement would not confuse an unsophisticated consumer. An unsophisticated consumer would understand the letter and would not be deceived or misled by it. Therefore, Plaintiff's complaint should be dismissed with prejudice.

### D. This Court should dismiss Plaintiff's Complaint with prejudice because it does not state a claim upon which relief can be granted.

Even though courts generally view the confusing nature of a dunning letter as a matter of fact, dismissal is appropriate when it is apparent from a reading of the letter that not even a significant fraction of the population would be misled by it. *Zemeckis v. Glob. Credit & Collection Corp.*, 679 F.3d 632, 636 (7th Cir. 2012). It is well-settled that attempting to collect on a time-barred debt is permissible and that the language crafted by the FTC expressly informs a debtor of a time bar issue. As discussed above, courts have held that the very same disclosure used in the letter in this case explains to a debtor that she will not be sued on a debt. There is no threat of litigation; rather, the letter explicitly states no litigation will be commenced. The letter clearly states that Plaintiff will not be sued for the debt and in order to aid his financial situation, a discounted payment plan is available. Dkt. #1-3.

Contrary to the Plaintiff's mischaracterization and conflation of the letter's language, the letter actually says:

131613462v1 0994608

> In order to aid your financial situation, as may be necessary, we could set up your account on a monthly payment plan.
>
> We would like to extend the following discounted offer:
>
> An approximately 70% discount payable in 4 payments totaling $263.42. Each payment within 30 days of the previous payment.

The letter offers a discounted payment option for the debtor to pay the debt in full, if the debtor wants to do so. The Seventh Circuit explicitly allows creditors the freedom to ask a debtor to pay a debt, even at a discount. If the debtor wanted to honor her debt but she didn't have enough money to pay the full amount owed, an opportunity to eliminate this debt entirely for a smaller percentage of the debt may help the debtor's financial situation to pay the debts she owes.

Under Illinois law (and many, if not most, other states), a statute of limitation bars a specific remedy, and does not extinguish the debt. *Walker*, 200 F.R.D. at 616. The running of the statute of limitations serves to limit the creditor's remedies with respect to the filing of law suits, but it does not serve to extinguish the debt outright. This means the Plaintiff still owes the debt in the letter and it is lawful for her to be asked to pay that debt, even at a discount.

Plaintiff engages in bizarre interpretations of the letter to fabricate FDCPA claims. There is nothing unfair or deceptive about the letter in this case and not even a significant fraction of the population would be misled by it. This Court should not allow Plaintiff to assert a claim based upon a contorted, peculiar and idiosyncratic interpretation of either a disclosure that was previously approved by the FTC and courts or a voluntary payment plan on a debt that continues to exist under Illinois law. Therefore, this Court should dismiss Plaintiff's Complaint with prejudice.

WHEREFORE, Defendants, LVNV Funding, LLC and First National Collection Bureau, Inc., respectfully request this Court dismiss Plaintiff's Complaint with prejudice and grant any other relief this Court deems just.

13

Respectfully submitted,

HINSHAW & CULBERTSON LLP

/s/ *Lindsey A.L. Conley*
Lindsey A.L. Conley

David M. Schultz
Nabil G. Foster
Lindsey A.L. Conley
Hinshaw & Culbertson LLP
222 North LaSalle St., Suite 300
Chicago, IL 60601-1081
Telephone:312-704-3000
Facsimile:312-704-3001
dschultz@hinshawlaw.com
nfoster@hinshawlaw.com
lconley@hinshawlaw.com

131613462v1 0994608

## CERTIFICATE OF SERVICE

I, Lindsey A.L. Conley, an attorney, certify that I shall cause to be served a copy of **DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINT** upon the following individual(s), by deposit in the U.S. mail box at 222 North LaSalle Street, Chicago, Illinois 60601, postage prepaid, messenger delivery, Federal Express, facsimile transmitted from (312) 704-3001, or electronically via the Case Management/Electronic Case Filing System ("ECF") as indicated, this on February 1, 2017.

| | |
|---|---|
| ☒ CM/ECF | *Attorneys for Plaintiff(s)* |
| ☐ Facsimile | David J. Philipps |
| ☐ Federal Express | Mary E. Philipps |
| ☐ E-Mail | Angie K. Robertson |
| ☐ Messenger | Philipps & Philipps, Ltd. |
| | 9760 S. Roberts Road |
| | Suite One |
| | Palos Hills, IL  60465 |
| | Phone: (708) 974-2900 |
| | Fax: (708) 974-2907 |
| | davephilipps@aol.com |
| | mephilipps@aol.com |
| | angiekrobertson@aol.com |

David M. Schultz
Nabil G. Foster
Lindsey A.L. Conley
HINSHAW & CULBERTSON LLP
222 North LaSalle St., Suite 300
Chicago, IL 60601-1081
Telephone:312-704-3000
Facsimile:312-704-3001
nfoster@hinshawlaw.com
dschultz@hinshawlaw.com
lconley@hinshawlaw.com

*/s / Lindsey A.L. Conley*
Lindsey A.L. Conley
One of the Attorneys for Defendant

131613462v1 0994608